UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CRIMINAL PRODUCTIONS, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>NINA HROMYK, an individual;<br>CAROLE JONES, an individual;<br>ANNABELLE VO, an individual;<br>DAVE SOSA, an individual;<br>JUSTIN MARKEL, an individual; and<br>LEONILA FRANADA, an individual,<br><br>      Defendants. | Civil Action No. 16-cv-1589RAJ<br><br>ORDER GRANTING DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT CAROLE JONES |

  This matter comes before the Court on the Plaintiff's motion for default judgment and permanent injunction against Defendant. Considering all pleadings and filings of record, the Court concludes as follows:

  1. Plaintiff filed this action against various Doe Defendants in the United States District Court for the Western District of Washington for copyright infringement, 17 U.S.C. §§ 101, et seq. resulting from the illegal copying and distribution of Plaintiff's motion picture entitled *Criminal*, registered with the United States Copyright Office, Reg. No. PA 1-984-029.

  2. Defendant is the responsible party as set forth in the complaint and, as such, is a proper named defendant in this action.

3. Service of the amended complaint was effected on the defaulted Defendant and proof of service was field with the Court. (Dkt. 25) Defendant failed to answer or otherwise defend. Plaintiff filed a motion for entry of default, which was entered. (Dkt. 39)

4. This Court has jurisdiction over the parties and venue is proper.

5. To prevail on a copyright infringement claim, a plaintiff must establish (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 US 340 (1991). Once a default is entered against a party, all allegations other than damages are presumed to be true. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). Plaintiff's allegation that Defendant's infringement was willful is also taken as true. See *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) (allegation of willfulness deemed admitted on default); *Salyer v. Hotels Com GP, LLC*, 2015 U.S. Dist. LEXIS 82171 (W.D. Wash. 2015). Plaintiff's complaint, the allegations of which must be taken as true, establishes these elements.

6. Plaintiff has valid and enforceable rights in the original copyrighted work *Criminal*, registered with the United States Copyright Office, Reg. No. PA 1-984-029.

7. Defendant has directly, indirectly and/or contributorily infringed Plaintiff's rights by copying and distributing or permitting, facilitating and materially contributing to the infringement of Plaintiff's exclusive rights under The Copyright Act by others as alleged in the amended complaint, thereby causing Plaintiff economic harm. This infringement has been willful.

8. 17 U.S.C. § 502(a) authorizes an injunction to "prevent or restrain infringement of a copyright." Defendant by default has been found liable for infringement in the instant action and likely possess the means to continue infringement in the future, meeting the court's requirements for issuing such an injunction.

9. 17 U.S.C. § 503(b) authorizes the "destruction or other reasonable disposition" of all copies made or used in violation of the copyright owner's exclusive rights.

10. In copyright infringement cases a plaintiff may elect either actual or statutory damages. 17 U.S.C. § 504(a). "[S]tatutory damages are recoverable without regard to the existence or provability of actual damages." *New Form, Inc. v. Tekila Films, Inc.*, 357 Fed. Appx. 10, 11 (9th Cir. 2009), *cert. den.* 130 S. Ct. 2405 (2010); *Columbia Pictures Television, Inc. v. Krypton Broad of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001). The Copyright Act provides for statutory damages in a sum of not less than $750 or more than $30,000, as the court considered just, but provides for increase of the award to $150,000 in cases of willful infringement. The admitted facts of this case dictate that Defendant infringed Plaintiff's registered copyright, warranting enhanced statutory damages, including for willful infringement. While the Court has discretion to award the minimum $750 amount for statutory damages, the amount should be substantial enough to compensate the plaintiff, punish the defendant and deter future conduct.

11. 17 U.S.C. § 505 provides for an award of reasonable attorney's fees. *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1556 (9th Cir. 1989) (*citing McCulloch v. Albert E. Price, Inc.*, 823 F.2d 316, 323 (9th Cir.1987)). District courts should consider the following nonexclusive actors in determining an award of attorney's fees: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence. *Love v. Associated Newspapers, Ltd.,* 611 F.3d 601, 614 (9th Cir. 2010); *see also Jackson v. Axton,* 25 F.3d 884, 890 (9th Cir. 1994); *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19, 114 S. Ct. 1023, 1033 n. 19 (1994).

12. Plaintiff's success is complete. The claims as deemed fully admitted are not frivolous. Plaintiff's motivation is to enforce its rights as it is active in the industry. The position of Defendant is deemed objectively unreasonable given their failure to advance any factual or legal arguments against Plaintiff's claims. *See Kirtsaeng v. John Wiley & Sons, Inc.,* 136 S. Ct. 1979, 1988-1989 (2016).

Additionally, there is an express intent of the statute for costs and fees for the infringement such as conducted by Defendant.

WHEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

Plaintiff's motion for default judgment and permanent injunction is GRANTED and judgment is awarded in favor of Plaintiff and against Defendant as follows:

A. Defendant is PERMANENTLY ENJOINED from directly, indirectly or contributorily infringing Plaintiff's rights in Plaintiff's motion picture, including without limitation by using the Internet to reproduce or copy Plaintiff's motion picture, to distribute Plaintiff's motion picture, or to make Plaintiff's motion picture available for distribution to the public, except pursuant to lawful written license or with the express authority of Plaintiff.

B. To the extent that any such material exists, Defendant is directed to destroy all unauthorized copies of Plaintiff's motion picture in his possession or subject to his control.

C. Statutory damages in the amount of $750.00.

D. Attorney's fees in the amount of $1,773.00 and costs in the amount of $153.52.

DATED this 6th day of March, 2018.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge